JOHN RILEY *v.* CHAMPLAIN NOYES.

*Replevin. Partnership. Referee.*

The cow of the plaintiff having been taken *damage feasant,* on the premises of the defendant and his partner, by the partner, and by him detained, it is not decided whether the interest of the defendant, as a copartner, in the damages for which the cow was taken and detained, is sufficient of itself to render the defendant liable in replevin for the acts of his partner, but it is entitled to consideration as evidence against the defendant in connection with proof tending to show acquiescence and consent in the taking and detaining the cow after it came to his knowledge.

The defendant being jointly interested in the proceedings of detaining and impounding the cow as a mode of recovering the damage done by her, his assent to such detention by his partner for that purpose would be sufficient to make him liable in replevin.

A referee stating in his report that he intended to decide according to law and to have his decision revised by the court, only has reference to matters of law, and not of fact, and statements of fact in the report, or inferences of fact from what is stated, must be regarded as conclusive, and are not open to revision by the court.

ACTION OF REPLEVIN for taking and detaining a cow. The case was referred to a referee, who reported the following facts :

The defendant, Champlain Noyes, and his son, George H. Noyes, from the 3d of August, 1863, until after the commencement of this suit, were jointly and equally interested in farming and butchering, as partners, under the firm of C. Noyes & Son, having a sign with such firm name upon it, the farm on which their business was conducted being owned by said Champlain, the defendant. On Sunday, August 30, 1868, a cow owned by the plaintiff was found by said George, doing damage in the meadow and within the enclosure on said farm, having come in over the fence of an adjoining owner, and by said George's direction was shut up in the barn on said farm. The defendant was absent, and

did not know that the cow had been taken up until the plaintiff came there as next stated. Between the hours of two and three in the afternoon, on that day, the plaintiff went to the dwelling-house of the defendant, on said farm, where were present the defendant, said George, and others. On that occasion the plaintiff asked the defendant if he had the cow shut up. The defendant replied, he did not know ; she might be in the barn ; if there, the plaintiff might have her for all him; he had nothing to do with it. The said George then told the plaintiff, in the presence and hearing of the defendant, that he, the said George, had ordered the cow to be shut up in the barn, and if the plaintiff would pay the damages he might have the cow, and could not take her until he settled the damages. The damages claimed were for what the cow had done on that day, and on previous days, and if not paid, said George declared he should drive the cow to pound. Then the plaintiff and defendant went together to the barn where the cow was shut up, and the defendant opened the barn door and was about to permit the cow to come forth, when the plaintiff swore a profane oath, and the defendant said if that was his way he would do nothing about it, and the defendant shut the barn door, thereby preventing the egress of the cow. The plaintiff then asked the defendant if he, plaintiff, might milk the cow. The defendant told the plaintiff to take the cow, but said George, immediately, in the presence and hearing of the defendant, told the plaintiff he could not take her until he settled the damages, and if not settled he should take the cow to pound. The cow remained in the barn during the whole night. On the next Monday morning, the defendant went to a store, and on being inquired of by the clerk about having shut up the cow, said he was going to shut up every cow that came into his meadow. On the same Monday, the plaintiff having procured the writ of replevin in this cause, the cow was found and replevied by the officer serving said writ, near noon, in an enclosed lot on the said farm, but not in the barn ; and there was no evidence showing at what time, or by what means, the cow was released from the barn. There was, at the time of these occurrences, a pound in said town of Bennington in good condition, to which there was a sufficient time to have

driven said cow by nine o'clock, forenoon, on Monday, August 31, 1868.

The referee then says : " Upon these facts, intending to decide according to law, and to have my decision revised by the court, I find that said cow was unlawfully detained by the defendant, and that the plaintiff should recover of the defendant one dollar for his damages occasioned thereby."

At the December term, 1871, the court, WHEELER, J., presiding, rendered judgment for the defendant upon the foregoing report, from which the plaintiff excepted.

*William S. Southworth*, for the plaintiff, cited 3 Kent Com., 43 ; 3 Stephens's Nisi Prius, 2409, 2417, and 2498 ; Parsons on Contracts, 73 ; *Jeffrey* v. *Bigelow*, 13 Minot, 518 ; *Ladue* v. *Branch*, 42 Vt., 574 ; 1 Smith's L. C., 328 to 332 ; 21 Vt., 129; 42 Vt., 432 ; 2 Kent Com., 614, 615, and n. E. ; 2 Vt., 351 ; 40 Vt., 611.

*A. B. Gardner*, for the defendant, cited *Angel* v. *Keith*, 24 Vt., 371 ; Colyer on Part., § 457 ; *Pierce* v. *Johnson*, 6 Mass., 245 ; *Sherwood* v. *Marwick*, 5 Greenleaf, 295.

The opinion of the court was delivered by

PECK, J. The facts reported by the referee do not show that the cow had been released at the time the writ of replevin was served, but was still in custody of defendant's son, George Noyes, the defendant's partner, or in the joint custody of the defendant and his son George. The point made in argument by the defendant's counsel is, that the defendant was not so connected with the original taking of the cow by his son, or with the subsequent detention, as to render him liable in this action. Whether the interest of the defendant as copartner with his son in the damages for which the cow was taken and detained, is sufficient of itself to render the defendant liable in this action for the act of his son, it is not necessary to decide. Even if such partnership relation is not sufficient, as matter of law, to render the defendant liable, it is entitled to some consideration as evidence against the

defendant, in connection with evidence tending to show acquies-
cence, and consent or approval on his part, of the act of his son
in taking and detaining the cow, after it came to his knowledge.
The defendant being jointly interested in the proceeding of de-
taining and impounding the cow as a mode of recovering the dam-
age done by her, his assent to such detention by his son for that
purpose would be sufficient to charge him. From the report of
the referee it is evident that the conduct and declarations of the
defendant in relation to the detention of the cow, taken together,
were somewhat equivocal and changeable or contradictory ; at
one time tending to show he did not participate in the act of his
son in detaining the cow, and at other times tending to show such
participation and approval. The particular facts or evidence re-
ported in detail by the referee before he draws his conclusion, are
not inconsistent with the inference of fact that the defendant did
not detain the cow ; and if such had been the finding of the re-
feree, there would have been no error. But the referee says :
" Upon these facts, intending to decide according to law, and to
have my decision revised by the court, I find that the said cow
was unlawfully *detained by the defendant,* and that the plaintiff
should recover of the defendant one dollar for his damages occa-
sioned thereby." The finding that the cow was detained by the
defendant must be regarded as the finding of a fact, or inference
of fact, from what is previously stated in the report ; and as what
is so previously stated warrants such finding as a matter of fact,
it must be so treated. What the referee says as to intending to
decide according to law, and to have his decision revised by the
court, can only have reference to matters of law, and not of fact.
It only presents the question of law, whether, from the facts he
had previously stated, he could legally find that the defendant
unlawfully detained the cow ; and as we think he might legally
so find, his finding is not erroneous.

The judgment of the county court is therefore reversed, and
judgment rendered for the plaintiff according to the report.